UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 21, 2013

LETTER TO COUNSEL:

   RE: *Gary Ray Curry v. Commissioner, Social Security Administration*;
      Civil No. SAG-12-0641

Dear Counsel:

  On February 28, 2012, the Plaintiff, Gary Ray Curry, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Curry filed his initial claim on February 6, 2007, alleging disability beginning on December 24, 2004. (Tr. 136-49). His claims were denied initially on May 13, 2008, and on reconsideration on December 29, 2008. (Tr. 84-88, 92-95). A hearing was held on March 10, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 36-79). Following the hearing, on August 9, 2010, the ALJ determined that Mr. Curry was not disabled during the relevant time frame. (Tr. 19-35). The Appeals Council denied Mr. Curry's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Curry suffered from the severe impairments of disorders of the back, a history of Lyme disease, joint pain, and hypertension. (Tr. 24). Despite these impairments, the ALJ determined that Mr. Curry retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant requires the job to have a Sit/Stand option change every 30 minutes[;] never climb ladders/ropes/scaffolds[;] occasionally all the other postural movements[;] unskilled work involving short, simple instructions[;] work [that] is repetitive in nature and involves following a routine.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Curry could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 30-31).

*Gary Ray Curry v. Commissioner, Social Security Administration*
Civil No. SAG-12-0641
March 21, 2013
Page 2

    Mr. Curry presents three arguments on appeal: first, that the ALJ improperly weighed medical opinion evidence; second, that the ALJ improperly evaluated Mr. Curry's credibility; and third, that the ALJ relied upon flawed testimony from the vocational expert. Each argument lacks merit.

    Mr. Curry first contends that the ALJ erred in not giving more weight to the opinion of his treating physician, Dr. Prashant Shukla. Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(2); SSR 96–5p. Here, Dr. Shukla indicated that Mr. Curry could sit and stand for only zero to one hour out of each eight hour workday, could lift or carry no more than five pounds of weight, and was essentially precluded from grasping, reaching, and using his hands and fingers for fine manipulations. (Tr. 401-03). The ALJ detailed inconsistencies between Dr. Shukla's opinion and Mr. Curry's own description of his functional abilities. Mr. Curry testified that he could lift 20-pound branches, walk for a half a mile, and cook for himself. (Tr. 29, 47, 59). In a May, 2008 function report, Mr. Curry reported that he could mow on a riding lawnmower for one to two hours at a time. (Tr. 178).[1] In addition, the ALJ found an absence of clinical findings to support the assertion that Mr. Curry was incapable of sedentary work. (Tr. 29). An April, 2008 MRI found mild degenerative disc disease, (Tr. 235-36), that did "not reflect the type of medical impairments that would preclude even sedentary work[,]" (Tr. 27). Dr. Shukla's notes indicate one complaint of hand cramping and two complaints of elbow pain caused by tendonitis over the course of a year. (Tr. 390-92). Moreover, Dr. Shukla treated Mr. Curry for blisters on his hands incurred while gardening. (Tr. 393). The ALJ observed that imagery taken of Mr. Curry's hands, knees, wrists, shoulders, and elbows showed no abnormalities or injuries. (Tr. 24-25, 298-302). The ALJ therefore had substantial evidence on which to rest his decision to give Dr. Shukla's opinion less weight.

    As for the opinions of the state medical consultants, the ALJ erred in stating that he was giving them "controlling weight." (Tr. 29). However, in the same paragraph, the ALJ notes that the findings of those consultants cannot be given controlling weight because of the absence of a treating relationship. *Id.* The ALJ's RFC determination demonstrates that he did not completely defer to the opinions, as he found that Mr. Curry required a job with a sit/stand option while the three medical consultants all found him capable of light exertional work, including sitting and standing up to six hours a day. (Tr. 238-45, 272-79, 280-81). Moreover, the ALJ did not rely on the non-examining consultants alone in determining Mr. Curry's work-related capabilities. (Pl. Br.11-12). The ALJ cited to a number of sources in Mr. Curry's medical record, including test reports and the notes of his treating physician, as well as Mr. Curry's own testimony. (Tr. 26-29). As a result, the ALJ's erroneous wording about the weight given to the consultants' opinions does not merit remand.

---

[1] In a function report dated June 24, 2008, Mr. Curry clarified that he mowed the lawn only once per week. (Tr. 208).

In addition, Mr. Curry argues that the ALJ improperly gave "little weight" to the opinions of a treating physician's assistant, Mr. Braxton. (Tr. 28). Physician's assistants are considered "other sources" under SSR 06-03p. Information from such professionals may provide insight into the severity of an impairment, but they "cannot establish the existence" of a disabling impairment. SSR 06-03p, at *2. Mr. Braxton's opinion and observations of Mr. Curry largely comport with Dr. Shukla's. (Tr. 304-09, 312-17, 319-20). In fact, however, he found that Mr. Curry suffered from fewer physical limitations than Dr. Shukla — that he could sit and stand for two hours in an eight-hour workday, lift twenty pounds, grasp, and perform fine manipulations with his hands. (Tr. 304). "Little weight" does not equal "no weight." The ALJ considered Mr. Braxton's opinions in his RFC and his claimant credibility determinations. (Tr. 25, 27, 28). Thus, any error in describing the reasoning for giving the physician assistant's opinion little weight is not reversible.

Second, Mr. Curry argues that the ALJ erred in evaluating his credibility regarding the pain and physical limitations caused by his back disorders and other ailments. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. (Tr. 26-29). The ALJ laid out an extensive analysis of Mr. Curry's testimony and statements regarding his daily activities, along with a review of the objective medical findings. *Id.* In addition to the discrepancies noted above, the ALJ found further contradictions that undermined Mr. Curry's claims as to the intensity, persistence, and limiting effects of his pain and symptoms. (Tr. 27-28). Mr. Curry stated he has problems performing fine manipulations with his fingers, yet he lights his own cigarettes, gardens, and cooks for himself. (Tr. 297, 298-303, 389-97). Moreover, there was little development of the issues in the medical record. (Tr. 27). While Mr. Curry reported that his disability began in 2004, medical records only dated back to 2008. (Tr. 27). At the hearing, the ALJ specifically asked that medical records dating back to 2004 be submitted, and none were provided. (Tr. 66). Therefore, the ALJ's adverse credibility finding was supported by substantial evidence.

Finally, Mr. Curry alleges that the ALJ relied upon flawed VE testimony. He bases this argument on the allegedly flawed RFC, which was used to formulate the hypothetical questions posed to the VE. His argument fails. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Because I have found the RFC and the ALJ's credibility findings were supported by substantial evidence, the hypothetical to the VE was adequate.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 21) will be

Case 1:12-cv-00641-SAG   Document 22   Filed 03/21/13   Page 4 of 4

*Gary Ray Curry v. Commissioner, Social Security Administration*
Civil No. SAG-12-0641
March 21, 2013
Page 4

GRANTED.  The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.


                    Sincerely yours,

                    /s/

                    Stephanie A. Gallagher
                    United States Magistrate Judge